**Roger B. HARGRAVE, Appellant**

v.

**The WASHINGTON POST, Appellee.**

No. 09–7058.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 2, 2010.

Rehearing En Banc Denied
April 21, 2010.

Roger B. Hargrave, Cumberland, MD, pro se.

The Washington Post, Williams & Connolly LLP, Washington, D.C., pro se.

Kevin Hardy, Williams & Connolly LLP, Washington, D.C., for Appellee.

BEFORE: GINSBURG, HENDERSON, and ROGERS, Circuit Judges.

***ORDER***

PER CURIAM.

Upon consideration of the motion for summary affirmance and the opposition thereto; and the motion for appointment of counsel, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. *See Taxpayers Watchdog, Inc. v. Stanley,* 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam). Appellant alleges that appellee libeled him by printing articles that included misleading testimony from his criminal trial, an opinion concerning the sentence he should receive, and reports that he attempted to break into his ex-wife's apartment. Under either District of Columbia or Maryland law, the fair report privilege protects appellee's reporting of testimony from appellant's trial. *See Phillips v. Evening Star Newspaper Co.,* 424 A.2d 78, 88 (D.C.1980); *Chesapeake Publishing Corp. v. Williams,* 339 Md. 285, 661 A.2d 1169, 1174 (1995). Appellant has not addressed the district court's conclusion that his other allegations failed to meet the standard in Federal Rule of Civil Procedure 8, and thus he has forfeited this issue on appeal. *See U.S. ex rel. Totten v. Bombardier Corp.,* 380 F.3d 488, 497 (D.C.Cir.2004).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.